UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICELAND FOODS, INC. and TOKIO MARINE EUROPE INSURANCE LTD. | * CIVIL ACTION<br>*<br>* NO. |
| VERSUS | *<br>* SECTION |
| DARROW FLEETING & SWITCHING, Division of Elmar Marine Corporation, AND COOPER T. SMITH STEVEDORING CO., INC. | *<br>* JUDGE<br>*<br>* MAG.<br>* |

*****************************************************

## COMPLAINT

The Complaint of Plaintiffs, Riceland Foods, Inc., the owner of certain cargo of No. 2 long grain milled rice in bulk, and Tokio Marine Europe Insurance Ltd., its insurer, against Darrow Fleeting & Switching, Division of Elmar Marine Corporation, and Cooper T. Smith Stevedoring Co., Inc., in a cause of action within the admiralty and maritime jurisdiction of this Honorable Court, and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully represent upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333 for breach of a maritime contract and for negligence under the General Maritime Law.

2.

At all times material hereto, plaintiff, Riceland Foods, Inc. ("Riceland"), was and still is a cooperative organized and existing under the laws of the State of Arkansas, with its office and principal place of business in Stuttgart, Arkansas, and which was, at all times material hereto, the owner of a certain cargo of No. 2 long grain milled rice in bulk which was loaded at New Madrid, Missouri onboard various barges to be carried to Darrow, Louisiana.

3.

At all times material hereto, plaintiff, Tokio Marine Europe Insurance Ltd., was and still is a foreign insurance company domiciled in and with its principal place of business in a place other than the State of Louisiana, and which was the insurer of Riceland and the subject cargo of long grain milled rice in bulk.

4.

At all times material hereto, Darrow Fleeting & Switching, Division of Elmar Marine Corporation ("Darrow Fleeting"), was and still is a trade name/private company of Elmar Marine Corporation, successor to Marine Metals Company, Inc., with an office and place of business at 3027 Highway 75, Darrow, Louisiana 70725, and which was and still is the owner and/or operator of a fleeting facility located at Mile 179-180 in the Mississippi River at Darrow, Louisiana, where the barges which contained Riceland's cargo of long grain milled rice in bulk were fleeted.

5.

At all times material hereto, Cooper T. Smith Stevedoring Co., Inc. ("Cooper T. Smith") was and still is a corporation organized and existing under the laws of the State of Louisiana, with its office and principal place of business in New Orleans, Louisiana and with its various trade names and related companies (including, but not limited to, Darrow Fleeting & Switching, Division of Elmar Marine Corporation, Cooper Consolidated, Consolidated Terminals and Logistics Company and CGB Enterprises), was and still is, the owner and/or operator of the fleeting facility located at Mile 179-180 in the Mississippi River at Darrow, Louisiana, where the barges which contained Riceland's cargo of long grain milled rice in bulk were fleeted.

6.

In August 2008, the long grain milled rice referred to above was loaded onboard, *inter alia,* Barges SCF 24065, SCF 24009 and SCF 26141B, all in good order and condition for carriage to Darrow, Louisiana and storage aboard said barges, and upon arrival at Darrow, Louisiana were thereafter fleeted at Darrow Fleeting and/or Cooper T. Smith's barge fleet located at Mile 179-180 in the Mississippi River, where the barges remained under the care, custody and control of Darrow Fleeting and/or Cooper T. Smith and/or their agents.

7.

Thereafter, on or about September 1, 2008, the cargo of long grain milled rice was discovered not to be in the same good order and condition as when received by defendants, but to the contrary, the cargo was discovered to be in a wet, lumpy, damaged

and/or contaminated condition, all as a result of defendants' negligence and/or breach of defendants' obligations and duties as common carriers and/or bailees of said cargo and/or in breach of the defendants' obligations under the statutes and/or laws applicable thereto; and/or as a result of defendants' negligence, neglect and fault, as well as their breach of a maritime contract, breach of the contract of carriage and bailment, and/or breach of defendants other contractual and legal obligations and/or the unseaworthiness of Barges SCF 24065, SCF 24009 and SCF 26141B.

8.

The damaged condition of the aforesaid consignment of long grain milled rice in bulk, to wit: the rice was wet, lumpy, contaminated and/or emitted a sour and foul odor, was not caused by the negligence of fault of plaintiffs or someone for whose actions plaintiffs may be responsible; rather, the damages were the result of Defendants Darrow Fleeting and/or Cooper T. Smith's fault, negligence, breach of maritime contract, breach of warranty (both express and implied), failure to perform their duties in a workmanlike manner, failure to properly inspect, cover, fleet, secure and/or maintain the barges, negligent bailment, failure to properly load, stow, trim, carry, store, discharge and handle said cargo of long grain milled rice in bulk, and failure to take reasonable and proper precautions and safeguards to protect the cargo, and in such other particulars as will be shown at the trial of this matter. Plaintiffs reserve the right to supplement and amend the foregoing as more information becomes available through discovery.

9.

Plaintiffs further aver that said damages were the result of the unseaworthiness of Barges SCF 24065, SCF 24009 and SCF 26141B and the failure of defendants to exercise due diligence to make, maintain and keep said barges fit, tight, staunch and in all respects seaworthy for the carriage and/or storage of the cargo and the negligence and breach of maritime contract, both express and implied, of defendants, their agents, servants and/or employees which resulted in damage to the long grain milled rice in bulk that was loaded aboard Barges SCF 24065, SCF 24009 and SCF 26141B at New Madrid, Missouri.

10.

Prior to and at the time of the damage to the aforementioned cargo onboard Barges SCF 24065, SCF 24009 and SCF 26141B plaintiff, Riceland, was the owner of said cargo and brings this action on its own behalf and as agent and trustee on behalf of its underwriters and all others who are now or may become interested in said cargo, as their respective interests may ultimately appear.

11.

Plaintiffs and/or their predecessors-in-title have performed all the conditions precedent on their part to be performed in relation to the carriage of the aforementioned cargo.

12.

By reason of the foregoing premises, Plaintiffs have sustained damages in the sum of FOUR MILLION SEVEN HUNDRED THIRTY-EIGHT THOUSAND TWO HUNDRED THIRTEEN AND 38/100 ($4,738,213.38) DOLLARS, plus attorneys' fees, interest, (including pre-judgment interest) and costs, as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

13.

All in singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

**WHEREFORE,** Plaintiffs pray that:

1. Defendants, Darrow Fleeting & Switching, Division of Elmar Marine Corporation, and Cooper T. Smith Stevedoring Co. Inc. be required to appear and answer under oath all and singular the allegations set forth herein;

2. Plaintiffs have judgment against defendants in the amount of $4,738,213.38, plus interest, costs and attorneys' fees; and

3. Plaintiffs have all such other and further relief as the law and justice of the case may allow.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ E. Carroll Rogers
E. Carroll Rogers, T.A. #11421
crgoers@mrsnola.com
Don R. Wing #29486
dwing@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone: (504) 523-0400
Facsimile:    (504) 523-5574
*Attorneys for Plaintiffs, Riceland Foods, Inc.
and Tokio Marine Europe Insurance Ltd.*

Of Counsel:

THOMPSON COBURN LLP
Raymond L. Massey (MO Bar No. 3764)
John S. Farmer (MO Bar No. 80117)
One US Bank Plaza
St. Louis, Missouri   63101
Telephone:  (314) 552-6000
Facsimile:  (314) 552-7000

**PLEASE SERVE:**

**COOPER T. SMITH STEVEDORING CO., INC.**
**Through its Registered Agent**
**CT Corporation System**
**5615 Corporate Blvd., Suite 400-B**
**Baton Rouge, LA  70808**

**Pursuant to the Louisiana Long Arm Statute**
**DARROW FLEETING & SWITCHING,**
**DIVISION OF ELMAR MARINE CORPORATION**
**Through its Registered Agent**
**Susan D. Bates**
**118 North Royal Street, Suite 1000**
**Mobile, AL  36602**

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, a notary public duly commissioned and qualified, personally came and appeared:

### E. CARROLL ROGERS

who, after being duly sworn, did depose and say that:

She is an attorney at law and is a member of the firm of Murphy, Rogers, Sloss & Gambel and is the attorney of record for plaintiffs, Riceland Foods, Inc. and Tokio Marine Europe Insurance Ltd., herein;

She has read the above and foregoing Verified Complaint and knows the contents thereof, and that the same are true and correct to the best of her knowledge, information and belief, the sources of information and grounds for the belief being material contained in various statements and documents furnished to her by her clients; and

She makes this Verification, which she is authorized to do by plaintiffs, as their attorney of record, as plaintiffs are foreign corporations.

_____
E. CARROLL ROGERS

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 25TH DAY
OF NOVEMBER, 2009.

_____
NOTARY PUBLIC

DONALD R. WING     (Bar No. 29486)